NATHANIEL A. WEISBROT (NW6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY PORTAL, FRANK MAIORANO, GRACY WEBERMAN, JAHN BRODWIN, DONALD J. NOONE II, MARTIN GOLDSTEIN, and DAVID METZMAN, | CIVIL ACTION NO: 19-cv- |
| Plaintiffs, | Civil Action |
| vs. | |
| SETH LEVINE; TEANECK PLAZA VENTURES, LLC;  2680 KENNEDY VENTURES;  ENGLEWOOD FUNDING, LLC; HILLSIDE NORSE, LLC; PA NORSE, LLC; 2817 PALISADES VENTURE, LLC; CLIFTON DL VENTURES, LLC; SUSSEX NORSE, LLC; 4318 KENNEDY PARTNERS, LLC; LENOX SOUTH PARK, LLC; LENOX MCKINLEY, LLC; ENGLEWOOD NORSE, LLC; POST AVENUE VENTURES, LLC; PLAINFIELD NORSE, LLC; 219 HILLSIDE VENTURES, LLC; BAYONNE VENTURES, LLC; JORDAN VENTURES LLC;  ORANGE LP VENTURES LLC; PLAINFIELD PA VENTURES; PASSAIC MAIN NORSE, LLC; PERTH NB VENTURES, LLC; SUSSEX VENTURES, LLC,  PERTH LP VENTURES, LLC, and CLIFTON 126 CENTER LLC; | **VERIFIED COMPLAINT** |
| Defendants. | |

Plaintiffs Larry Portal, Frank Maiorano, Gracy Weberman, Jahn Brodwin, Donald J. Noone II, Martin Goldstein, and David Metzman (collectively, "Plaintiffs"), by way of Complaint

against Defendants Seth Levine; Teaneck Plaza Ventures, LLC;  2680 Kennedy Ventures; Englewood Funding, LLC; Hillside Norse, LLC; PA Norse, LLC; 2817 Palisades Venture, LLC; Clifton DL Ventures, LLC; Sussex Norse, LLC; 4318 Kennedy Partners, LLC; Lenox South Park, LLC; Lenox McKinley, LLC; Englewood Norse, LLC; Post Avenue Ventures, LLC; Plainfield Norse, LLC; 219 Hillside Ventures, LLC; Bayonne Ventures, LLC; Jordan Ventures LLC; Orange LP Ventures LLC; Plainfield PA Ventures; Passaic Main Norse, LLC; Perth NB Ventures, LLC; Sussex Ventures, LLC; Perth LP Ventures, LLC; and Clifton 12 Center LLC (collectively, "Defendants") allege and say as follows:

## **NATURE OF ACTION**

1.      Plaintiffs bring this Complaint to recover damages incurred as a result of the Defendants' complicated and extensive scheme through which they solicited and received from the Plaintiffs millions of dollars, in the form of investments and loans related to the acquisition of real estate properties. The Plaintiffs made these investments based upon certain representations and warranties by Defendant Levine.  Those representations and warranties have proven false and Plaintiffs' funds have been improperly misappropriated, diverted, and converted for Defendants' own gain leaving Plaintiffs out more than $4.6 million without any assurances that their interests in the properties, in fact, exist.

2.      The real properties at issue in this action (the "Properties"), include:

   a.   2680 Kennedy Boulevard, Jersey City, New Jersey
   b.   191 First Street, Englewood, New Jersey
   c.   1588 - 1590 Maple Ave, Hillside, New Jersey
   d.   388 Smith Street, Perth Amboy, New Jersey
   e.   2817 Palisade Ave, Union City, New Jersey
   f.   190 Ackerman Ave / 286 Parker Ave, Clifton, New Jersey
   g.   514-516 Kennedy Boulevard, Bayonne, New Jersey
   h.   196 The Plaza, Teaneck, New Jersey
   i.   4318 Kennedy Boulevard, Union City, New Jersey
   j.   170 South Park, Hackensack, New Jersey
   k.   88 McKinley, Hackensack, New Jersey
   l.   1055 Avenue C, Bayonne, New Jersey

m. 1086 - 1088 - 1090 Ave, Bayonne, New Jersey
n. 77 Hope Street, Passaic, New Jersey
o. 197-199 Grant St / 359-361 Gordon St, Perth Amboy, New Jersey
p. 219 Hillside, Hillside, New Jersey
q. 90 W 20th Street, Bayonne, New Jersey
r. 17 Teaneck Road, Ridgefield Park, New Jersey
s. 21-23 Lafayette Street, West Orange, New Jersey
t. 200 Madison Avenue/499 Amboy, Perth Amboy, New Jersey
u. 249 Main Street, Passaic, New Jersey
v. 352 New Brunswick Ave, Perth Amboy, New Jersey
w. 299 New Brunswick Ave, Perth Amboy, New Jersey
x. 126 Center Street, Clifton, New Jersey

3.       Plaintiffs now bring this action alleging fraud, RICO violations, breach of fiduciary duty, breach of contract, conversion, and unjust enrichment, and seek, among other things, the recovery of actual, compensatory, consequential, punitive and treble damages, an accounting, and injunctive relief, including the appointment of a receiver to manage and maintain the Properties.

## **PARTIES**

1.       Plaintiff Larry Portal ("Portal") is an individual with a place of residence located at 735 Washburn Street, Teaneck, New Jersey 07666 , and

2.       Plaintiff Frank Maiorano, ("Maiorano") is an individual with a place of residence located at 59 Sycamore Way, Warren, New Jersey 07059

3.       Plaintiff Gracy Weberman ("Weberman") is an individual with a place of residence located at 900 West 43rd Court, Miami Beach, Florida 33140

4.       Plaintiff Jahn Brodwin ("Brodwin") is an individual with a place of residence located at 249 East 48th Street, Apt. 18A, New York, New York 10017

5.        Plaintiff Donald J. Noone II ("Noone") is an individual with a place of residence located at 2 Clinton Lane, Scotch Plains, New Jersey 07076.

6.       Plaintiff Martin Goldstein ("Goldstein") is an individual with a place of residence

located at 610 Winthrop Road, Teaneck, NJ 07666

7.      Plaintiff David Metzman ("Metzman") is an individual with a place of residence located at 746 Dearborn Street, Teaneck, NJ 07666

8.      Upon information and belief, Defendant Seth Levine ("Levine") is an individual with a place of residence located at 636 South Forest Drive, Teaneck, New Jersey 07646.

9.      Upon Information and belief, Defendant Teaneck Plaza Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

10.     Upon Information and belief, Defendant 2680 Kennedy Ventures is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

11.     Upon Information and belief, Defendant Englewood Funding, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

12.     Upon Information and belief, Defendant Hillside Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

13.     Upon Information and belief, Defendant PA Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

14.     Upon Information and belief, Defendant 2817 Palisades Venture, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street,

Hackensack, New Jersey 07601.

15.     Upon Information and belief, Defendant Clifton DL Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

16.     Upon Information and belief, Defendant Sussex Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

17.     Upon Information and belief, Defendant 4318 Kennedy Partners, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

18.     Upon Information and belief, Defendant Lenox South Park, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

19.     Upon Information and belief, Defendant Lenox McKinley, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

20.     Upon Information and belief, Defendant Englewood Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

21.     Upon Information and belief, Defendant Post Avenue Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

22.    Upon Information and belief, Defendant Plainfield Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

23.    Upon Information and belief, Defendant 219 Hillside Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

24.    Upon Information and belief, Defendant Bayonne Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

25.    Upon Information and belief, Defendant Jordan Ventures LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

26.    Upon Information and belief, Defendant Orange LP Ventures LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

27.    Upon Information and belief, Defendant Plainfield PA Ventures is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

28.    Upon Information and belief, Defendant Passaic Main Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

29.    Upon Information and belief, Defendant Perth NB Ventures, LLC is a New Jersey

Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

30.    Upon Information and belief, Defendant Sussex Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

31.    Upon Information and belief, Defendant Perth LP Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

32.    Upon Information and belief, Clifton 126 Center LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

## JURISDICTION AND VENUE

33.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and, with respect to certain claims, 28 U.S.C. § 1367.

34.    This Court also has subject matter jurisdiction over this action, pursuant to the "minimal diversity" provision for a statutory interpleader case under 28 U.S.C. 1335, because at least two of the parties, who have or claim a right to and/or lien on and/or interest in the property that is the subject of this action, are citizens of different states.

35.    This Court has personal jurisdiction over the Defendants insofar as they reside in and/or conduct business in this State and in this district, and all of the Properties are located in New Jersey. Moreover, all of the transactions occurred in this district and the causes of action arose herein.

36.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(l) and (2) because all Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## THE INVESTMENTS

### 2680 KENNEDY BOULEVARD, JERSEY CITY

37.     In or about March 2012, Defendant Levine solicited the Plaintiffs to invest in real property located at 2680 Kennedy Boulevard, Jersey City, New Jersey. Levine caused to be formed an entity known as "2680 Kenney Ventures, LLC" for the purposes of acquiring and managing the property.

38.     Portal invested $192,500 (for a 35% interest)  and Maiorano invested $27,500 (for a 5% interest).  Defendant Levine claimed to have invested $275,000 (for a 50% interest).

39.     The 2680 Kennedy transaction was fully funded and closed on February 10, 2012.

40.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

### 191 FIRST STREET, ENGLEWOOD

41.     In or about December 2012, Defendant Levine solicited the Plaintiffs to invest in real property located at 191 First Street, Englewood, New Jersey. Levine caused to be formed an entity known as "Englewood Funding, LLC" for the purposes of acquiring and managing the property.

42.     Portal invested $215,000 (for a 21.50% interest), Noone invested $100,000 (for a 10% interest); Brodwin invested $100,000 (for a 10% interest), Maiorano invested $50,000 (for

a 5% interest), and Weberman invested $35,000 (for a 3.5% interest).  Defendant Levine claimed to have invested $500,000 (for a 50% interest).

43.     The 191 First Street transaction was fully funded and closed in approximately early 2013.

44.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 1588 - 1590 MAPLE AVE, HILLSIDE

45.     In or about May 2013, Defendant Levine solicited the Plaintiffs to invest in real property located at 1588-1590 Maple Avenue, Hillside, New Jersey. Levine caused to be formed an entity known as "Hillside Norse, LLC" for the purposes of acquiring and managing the property.

46.     Portal invested $65,000 (for a 16.25% interest),  Noone invested $35,000 (for an 8.75% interest); Brodwin invested $25,000 (for a 6.25% interest), Maiorano invested $15,000 (for a 3.75% interest), and Weberman invested $30,000 (for a 7.5% interest).  Defendant Levine claimed to have invested $200,000 (for a 50% interest).

47.     The 1588-1590 Maple transaction was fully funded and closed on or about May 1, 2013.

48.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 388 SMITH STREET, PERTH AMBOY

49.     In or about May 2013, Defendant Levine solicited the Plaintiffs to invest in real property located at 388 Smith Street, Perth Amboy, New Jersey. Levine caused to be formed an

entity known as "PA Norse" for the purposes of acquiring and managing the property.

50.     Portal invested $95,000 (for a 31% interest), Maiorano invested $45,000 (for a 15% interest), and Weberman invested $10,000 (for a 3.33% interest). Defendant Levine claimed to have invested $150,000 (for a 50% interest).

51.     The 388 Smith transaction was fully funded and closed in approximately May 2013.

52.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 2817 PALISADE AVE, UNION CITY

53.     In or about February 2014, Defendant Levine solicited the Plaintiffs to invest in real property located at 2817 Palisade Avenue, Union City, New Jersey. Levine caused to be formed an entity known as "2917 Palisades Venture, LLC" for the purposes of acquiring and managing the property.

54.     Portal invested $70,000 (for a 20% interest), Noone invested $35,000 (for a 10% interest); Maiorano invested $35,000 (for a 10% interest), and Weberman invested $35,000 (for a 10% interest). Defendant Levine claimed to have invested $175,000 (for a 50% interest).

55.     The 2817 Palisades transaction was fully funded and closed in approximately February 2014.

56.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 190 ACKERMAN AVE / 286 PARKER AVE, CLIFTON

57.     In or about June 2014, Defendant Levine solicited the Plaintiffs to invest in real

properties located at 190 Ackerman Avenue and 286 Parker Avenue, Clifton, New Jersey. Levine caused to be formed an entity known as "Clifton DL Ventures, LLC" for the purposes of acquiring and managing the properties.

58.     A Non-Party invested $237,500 (for a 33.33% interest);  Portal invested $100,000 (for a 14% interest),  Noone invested $35,000 (for a 4.91% interest); Brodwin invested $35,000 (for a 5% interest), and Weberman invested $67,500 (for a 9.48% interest).  Defendant Levine claimed to have invested $237,500 (for a 33.33% interest).

59.     The Ackerman/Parker transaction was fully funded and closed on or about June 1, 2014.

60.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 514-516 KENNEDY BOULEVARD, BAYONNE

61.     In or about June 2014, Defendant Levine solicited the Plaintiffs to invest in real property located at 514-516 Kennedy Boulevard, Bayonne, New Jersey. Levine caused to be formed an entity known as "Sussex Norse, LLC" for the purposes of acquiring and managing the property.

62.     Portal invested $95,000 (for a 23.75% interest),  Maiorano invested $30,000 (for a 7.05% interest); Weberman invested $25,000 (for a 6.25% interest),  Noone invested $25,000 (for a 6.25% interest), and Brodwin invested $25,000 (for a 6.25% interest).  Defendant Levine claimed to have invested $200,000 (for a 50% interest).

63.     The 514-516 Kennedy transaction was fully funded and closed on or about June 1, 2014.

64.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 196 THE PLAZA, TEANECK

65.     In or about November 2014, Defendant Levine solicited the Plaintiffs to invest in real property located at 196 The Plaza, Teaneck, New Jersey. Levine caused to be formed an entity known as "Teaneck Plaza Ventures, LLC" for the purposes of acquiring and managing the property.

66.     Portal invested $207,500 (for a 25% interest),  Noone invested $83,000 (for a 10% interest); Brodwin invested $41,500 (for a 5% interest), Maiorano invested $41,500 (for a 5% interest), and Weberman invested $41,500 (for a 5% interest).  Defendant Levine claimed to have invested $415,000 (for a 50% interest).

67.     The Teaneck Plaza transaction was fully funded and closed in approximately November 2015.

68.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 4318 KENNEDY BOULEVARD, UNION CITY

69.     In or about December 2012, Defendant Levine solicited the Plaintiffs to invest in real property located at 4318 Kennedy Boulevard, Union City, New Jersey. Levine caused to be formed an entity known as "4318 Kennedy Partners, LLC" for the purposes of acquiring and managing the property.

70.     Portal invested $100,000 (for a 20.2% interest), and Noone invested $65,000 (for a 13.13% interest). Defendant Levine claimed to have invested $330,000 (for a 66.67% interest).

71.     The 4318 Kennedy transaction was fully funded and closed on or about December 20, 2014.

72.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 170 SOUTH PARK, HACKENSACK

73.     In or about March 2015, Defendant Levine solicited the Plaintiffs to invest in real property located at 170 South Park, Hackensack, New Jersey.  Levine caused to be formed an entity known as "Lenox South Park, LLC" for the purposes of acquiring and managing the property.

74.     A non-party invested $260,000 (for a 50% interest), Portal invested $62,500 (for a 12% interest), Goldstein invested $43,750 (for a 8.4% interest); Noone invested $12,500 (for a 2.3% interest), and Brodwin invested $12,500 (for a 2.3% interest).  Defendant Levine claimed to have invested $131,250 (for a 25% interest).

75.     The 170 South Park transaction was fully funded and closed in approximately March 2015.

76.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 88 MCKINLEY, HACKENSACK

77.     In or about March 2015, Defendant Levine solicited the Plaintiffs to invest in real property located at 88 McKinley, Hackensack, New Jersey.  Levine caused to be formed an entity known as "Lenox McKinley, LLC" for the purposes of acquiring and managing the property.

78.     A non-party invested $260,000 (for a 50% interest), Portal invested $62,500 (for a

12% interest), Goldstein invested $43,750 (for an 8.4% interest); Noone invested $12,500 (for a 2.3% interest), and Brodwin invested $12,500 (for a 2.3% interest).  Defendant Levine claimed to have invested $131,250 (for a 25% interest).

79.     The 88 McKinley transaction was fully funded and closed in approximately March 2015.

80.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

**1055 AVENUE C, BAYONNE**

81.     In or about May 2015, Defendant Levine solicited the Plaintiffs to invest in real property located at 1055 Avenue C, Bayonne, New Jersey. Levine caused to be formed an entity known as "Sussex Ventures, LLC" for the purposes of acquiring and managing the property.

82.     Portal invested $160,000 (for a 25% interest), and Goldstein invested $160,000 (for a 25% interest).  Defendant Levine claimed to have invested $320,000 (for a 50% interest).

83.     The 1055 Avenue C transaction was fully funded and closed in or about May 2015.

84.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

**1086 - 1088 - 1090 AVE, BAYONNE**

85.     In or about August 2015, Defendant Levine solicited the Plaintiffs to invest in real property located at 1086-1088-1090 Avenue C, Bayonne, New Jersey. Levine caused to be formed an entity known as "Englewood Norse, LLC" for the purposes of acquiring and managing the property.

86.     Portal invested $62,500 (for a 25% interest), and Goldstein invested $62,500 (for

a 25% interest).  Defendant Levine claimed to have invested $125,000 (for a 50% interest).

87.     The 1086-1088-1090 Avenue C transaction was fully funded and closed in or about August 2015.

88.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 77 HOPE STREET, PASSAIC

89.     In or about November 2015, Defendant Levine solicited the Plaintiffs to invest in real property located at 77 Hope Street, Passaic, New Jersey. Levine caused to be formed an entity known as "Post Avenue Ventures, LLC" for the purposes of acquiring and managing the property.

90.     Portal invested $60,000 (for a 25% interest), and Goldstein invested $60,000 (for a 25% interest).  Defendant Levine claimed to have invested $120,000 (for a 50% interest).

91.     The  77 Hope Street transaction was fully funded and closed in approximately November 2015.

92.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 197-199 GRANT ST / 359-361 GORDON ST, PERTH AMBOY

93.     In or about January 2016, Defendant Levine solicited the Plaintiffs to invest in real property located at 197-199 Grant Street/359-361 Gordon Street, Perth Amboy, New Jersey. Levine caused to be formed an entity known as "Plainfield Norse, LLC" for the purposes of acquiring and managing the property.

94.     Portal invested $73,000 (for a 33.33% interest), and Goldstein invested $73,000 (for a 33.33% interest).  Defendant Levine claimed to have invested $74,000 (for a 33.34%

interest).

95.     The 1055 Avenue C transaction was fully funded and closed in or about January 2016.

96.     Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 219 HILLSIDE, HILLSIDE

97.     In or about March 2016, Defendant Levine solicited the Plaintiffs to invest in real property located at  219 Hillside, Hillside, New Jersey. Levine caused to be formed an entity known as "219 Hillside Ventures, LLC" for the purposes of acquiring and managing the property.

98.     Portal invested $137,500 (for a 25% interest), and Goldstein invested $206,250 (for a 37.5% interest).  Defendant Levine claimed to have invested $206,250 (for a 37.5% interest).

99.     The 219 Hillside transaction was fully funded and closed in approximately March 2016.

100.    Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 90 W 20TH STREET, BAYONNE

101.    In or about February 2016, Defendant Levine solicited the Plaintiffs to invest in real property located at 90 W. 20th Street, Bayonne, New Jersey. Levine caused to be formed an entity known as "Bayonne Ventures, LLC" for the purposes of acquiring and managing the property.

102.    Portal invested $125,000 (for a 33% interest), and Goldstein invested $125,000 (for a  33% interest).  Defendant Levine claimed to have invested $130,000 (for a 34% interest).

103. The 1055 Avenue C transaction was fully funded and closed in or about February 2016.

104. Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

## 17 TEANECK ROAD, RIDGEFIELD PARK

105. In or about May 2016, Defendant Levine solicited Portal to invest in real property located at 17 Teaneck Road, Ridgefield Park, New Jersey. Levine caused to be formed an entity known as "Jordan Ventures LLC" for the purposes of acquiring and managing the property.

106. Portal invested $53,437.50 (for a 15% interest) and was never informed who also invested in the 17 Teaneck Road transaction nor how much money, if any, Defendant Levine invested.

## 21-23 LAFAYETTE STREET, WEST ORANGE

107. In or about September 2017, Defendant Levine solicited the Plaintiffs to invest in real property located at 21-23 Lafayette Street, West Orange, New Jersey. Levine caused to be formed an entity known as "Orange LP Ventures, LLC" for the purposes of acquiring and managing the property.

108. Portal invested $80,000 (for a 19.05% interest), Weberman invested $60,000 (for a 14.29% interest); and Norse Realty Group invested $140,000 (for a 33.3% interest). Defendant Levine claimed to have invested $140,000 (for a 33.3% interest).

109. The 21-23 Lafayette Street transaction was fully funded and closed in or about September 2017.

110. Levine prepared and circulated an Operating Agreement for the LLC, which was

duly executed by its members.

**200 MADISON AVENUE/499 AMBOY, PERTH AMBOY**

111.   In or about September 2017, Defendant Levine solicited the Plaintiffs to invest in real property located at 200 Madison Avenue and 499 Amboy, Perth Amboy New Jersey. Levine caused to be formed an entity known as "Plainfield PA Ventures" and "Amboy LP Ventures" for the purposes of acquiring and managing the properties.

112.   Portal invested $135,000 (for a 23% interest), Weberman invested $60,000 (for a 10% interest); and Norse Realty Group invested $195,000 (for a 33.3% interest). Defendant Levine claimed to have invested $195, 000 (for a 33.3% interest).

113.   The 200 Madison Avenue and 499 Amboy transactions were fully funded and closed in approximately September 2017.

114.   Levine prepared and circulated Operating Agreements for the LLCs, which were duly executed by its members.

**249 MAIN STREET, PASSAIC**

115.   In or about May 2018, Defendant Levine solicited the Plaintiffs to invest in real property located at 249 Main Street, Passaic, New Jersey. Levine caused to be formed an entity known as "Passaic Main Norse LLC" for the purposes of acquiring and managing the property.

116.   Portal invested $60,000 (for a 50% interest).  It is unclear whether Levine invested anything or whether this property was acquired.

**352 NEW BRUNSWICK AVE, PERTH AMBOY**

117.   In or about May 2018, Defendant Levine solicited Portal to invest in real property located at 352 New Brunswick Avenue, Perth Amboy, New Jersey and solicited Metzman to

invest in such property in November of 2018. Levine caused to be formed an entity known as "Perth NB Ventures, LLC" for the purposes of acquiring and managing the property.

118.    Portal invested $99,750 (for a 15% interest).  Metzman invested $100,000 (for a 7.3% interest).  Defendant Levine claimed to have invested $565,250 (for an 85% interest).

119.    Plaintiffs are unsure as to whether the transaction closed or whether the property was acquired.  No Operating Agreement was provided to Portal or Metzman.

## 299 NEW BRUNSWICK AVE, PERTH AMBOY

120.    In or about December 2018, Defendant Levine solicited the Plaintiffs to invest in real property located at 299 New Brunswick Avenue, Perth Amboy, New Jersey. Levine caused to be formed an entity known as "Perth LP Ventures, LLC" for the purposes of acquiring and managing the property.

121.    Portal invested $140,000 (for a 33.3% interest) and Weberman invested $70,000 (for a 16.67% interest).  Defendant Levine claimed to have invested $210,000 (for an 50% interest).

122.    Plaintiffs are unsure as to whether the transaction closed or whether the property was acquired.  No Operating Agreement was provided to Portal or Weberman.

## 126 CENTER STREET, CLIFTON

123.    In or about November 2018, Defendant Levine solicited Metzman to invest in real property located at 126 Center Street, Clifton, New Jersey. Levine caused to be formed an entity known as "Clifton 126 Center Street LLC" for the purposes of acquiring and managing the property.

124.    Metzman invested $100,000 (for a 10% interest).

125.    The 126 Center Street transaction closed in or about February 2019. No Operating Agreement was provided to Metzman.

126.    In total,  the Plaintiffs invested at least $4.5 million in the Defendants' real estate acquisitions.

## DEFENDANTS' MISCONDUCT

127.    In addition, Weberman and Portal invested approximately $103,000 and $206,000 respectively in a Perth Amboy portfolio that did not close and for which no further information was provided.  Levine continued to solicit investors for this portfolio and, yet, no investment was ever made.

128.    Plaintiff has learned from other pleadings filed in related cases that  (i) on or about August 16, 2019, a search warrant for offices operated by Levine and companies with which he is affiliated, including the property manager for the Properties was executed by agents of the Federal Bureau of Investigation (the "FBI"), and (ii) the search  warrant  was connected  to a federal investigation of Levine and his companies.

129.    Plaintiff  learned  from  other  pleadings  filed  in  related  cases  that,  as  of approximately August 22, 2019, Levine and his affiliated companies are no longer actively conducting business. Accordingly, each Defendant has abandoned its subject Property and has forsaken its obligation to manage such Property.

130.    Upon information and belief, and based upon information learned from pleadings in other cases, the Defendants do not have sufficient funds to make insurance payments, or are refusing to do so.

131.    Upon information and belief, and based upon several actions pending in this and

other Courts,  several loans relating to the Properties (and other properties purportedly owned by the Defendants) are in default and the subject of foreclosure proceedings.

132.    Plaintiffs are unable to obtain any information about the Properties or their investments.

133.    Upon information and belief, and based upon several actions pending in this and other Courts, as of August 22, 2019, Levine and the Defendants are no longer conducting business and the LLC defendants have abandoned the Properties and their management obligations.

134.    The actions by the Defendants, as set forth herein, constitute significant and material breaches of the Operating Agreements which have caused, and will continue to cause, significant and irreparable damage to the Plaintiffs.

135.    In addition, Levine on at least one occasion, but likely more than once, applied for and obtained a loan by using one of the Properties as collateral.  For example, in an action pending in this Court,  *JLS Equities, LLC, v. River Funding, LLC, Lenox Hudson, LLC, Lenox Temple, LLC, Teaneck Plaza Ventures, LLC, and Seth Levine,* (Civil Action No. 19-17615),  a lender claims that those Defendants defaulted on a loan secured, in part, by Levine's interests in Teaneck Plaza Ventures, LLC.  The Plaintiffs herein are 50% members of that LLC and, therefore, 50% owners of the underlying Property (see paragraphs 63-66 herein).   However, in obtaining the loan from JLS Equities, Levine represented that he was the sole and exclusive member of Teaneck Plaza Ventures, completely concealing (or ignoring) the Plaintiffs' 50% interests.

136.    Indeed, Levine prepared and executed a certification pledging his shares in Teaneck Plaza Ventures, which he asserted were 100% of the membership interests.   That statement was false.

137.   In pledging 100% of the interests in Teaneck Plaza, Levine committed the following acts of malfeasance:  (a) he falsely certified that he owned 100% of the membership interests in the LLC, or falsely sold 50% of the membership interests to the Plaintiffs and converted their funds without providing them with the interests they were promised, (b) borrowed money without the "affirmative vote or consent of the majority-in-interest of members, as required by Sections 6.02(b)(ii) and (iv) of the LLC's Operating Agreement.

138.   Levine also fraudulently pledged his "100%" interests in other properties in which he did not own 100% and, in which, other investors had acquired significant membership interests.

139.   During the last several [years],  Plaintiffs have not received their distributions, income or payments, as required by the operating agreements, and the other promises and understanding between the parties.   In effect, it seems that Levine has simply converted those distributions for his own use, or to repay other investors. While some Plaintiffs received some checks in connection with some distributions on some investments, many investors did not receive distribution checks and/or the distribution checks were rejected for insufficient funds.

140.   By way of example, Plaintiffs Maiorano and Noone received the following distribution checks, all of which were rejected for insufficient funds:

|  |  | Maiorano | Noone |
|---|---|---|---|
| a. | 2917 Palisades Venture, LLC: | $ 30,000 | $ 30,000 |
| b. | Sussex Norse, LLC: | $ 22,500 | $ 18,750 |
| c. | Teaneck Plaza Ventures, LLC: | $ 35,000 | $ 35,000 |
| d. | Clifton DL Ventures LLC | -- | $ 13,000 |
| Total: |  | $87,500 | $ 96,750 |

Thus, Maiorano and Noone never received those distributions.

141.   Moreover, certain 2018 Form K-1s were issued by Levine that were clearly erroneous.  2018 K-1s included distributions that were not issued in 2018.  Some distribution checks,  disclosed on the K-1s, could not be cashed due to insufficient funds. Yet, the K-1s continued to falsely represent that distributions were made. Those distributions remain due and owing.

142.   While some "payments" were, in fact, paid to and received by Plaintiffs on occasion (and those amounts will be deducted from Plaintiff's ultimate award of damages), it is simply impossible to know the manner in which revenue, distributions, or proceeds were allocated or distributed by the Defendants.

143.   Moreover, on at least one occasion, after sending a purported distribution check to Portal,  Defendant Levine, on or about July 29, 2019,  solicited a $210,000, short-term bridge loan from Portal to the corporate-entities, which was to be repaid within 3 weeks.  That "loan" represented the distribution amount just received by Portal. Portal made the loan but has never been repaid. The repayment check was returned for insufficient funds.

144.   With respect to several investments, Levine purported to finance or refinance the properties but failed to distribute the proceeds to investors. Those funds are unaccounted for.

145.   On or about May 1, 2019. Portal and Weberman invested an additional $306,000 by providing checks to Levine in that amount.  Those funds were to be used to invest in a portfolio of 4 properties in Perth Amboy.  The money was never invested.  In fact, even after making the investments, Levine falsely advised other investors that Portal had decided not to invest in those properties.

**FIRST  COUNT**
**(Civil RICO -18 U.S.C. 1962 (c))**

146.    Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

147.    Defendants violated 18 U.S.C. §§ 1962(a) and 1962(d) by (i) receiving income from a pattern of racketeering, (ii) using such income to acquire and/or operate an interest in an enterprise, (iii) where such enterprise affects interstate and foreign commerce.

148.    As described above, the Defendants engaged in two or more predicate acts within ten years which constitute the Defendants' pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(a) and 1962(d). The scheme to fraudulently obtain and convert funds from Plaintiffs was perpetrated through wire fraud violations under 18 U.S.C. § 1343, mail fraud violations under 18 U.S.C. § 1341, and bank fraud violations under 18 U.S.C. 1344.

149.    Specifically, as set forth above in detail, each Defendant sent, through the U.S. Mail and by interstate wire, solicitations for the investments, checks that were known to have insufficient funds and would be rejected, and false information regarding the properties. Moreover, Defendant Levine falsely advised several banks and lenders that he was the 100% member of several of the properties in order to obtain financing.  Levine submitting knowingly false documents to banks and lenders in connection with such financing applications.

150.    Defendant Levine was the mastermind of the schemes set forth above and effectuated their activities by conspiring with the LLC Defendants to drain funds from Plaintiffs. Levine structured transactions in which over $4.5 million dollars were taken from Plaintiffs and transferred into the entities which owned the Properties as well as other assets, entities owned and controlled by Defendants. Levine also directed the wrongful activities of the other Defendants.

151.    Defendants' various real estate investment companies comprise an enterprise under

the federal RICO statutes.

152.    Thus, Defendants invested and used income and proceeds generated from a pattern of racketeering activity in the operation of an enterprise in violation of 18 U.S.C. §§ 1962(d).

153.    Plaintiffs were directly injured by Defendants' violations of the federal RICO statute and the predicate acts. Specifically, Plaintiffs were injured directly by Defendants' fraudulent inducement to invest and loan moneys that were used to fund Defendants' real estate investment enterprise.

154.    As a result of those injuries, Plaintiffs have sustained damages.

## SECOND COUNT
### (Conspiracy to Violate Civil RICO-18 U.S.C. 1962 (d))

155.    Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

156.    In violation of 18 U.S.C. § 1962(d), the Defendants knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation or management of a RICO enterprise through a pattern of racketeering activity as alleged above.

157.    The conspiracy commenced at least as early as 2012 and is ongoing.

158.    The conspiracy's purpose was to divert money from Plaintiffs to their own benefit by using mail and wire to solicit multiple "investments" in property that either was not lawfully owned by the Defendants or which was sold by the Defendants to multiple parties.

159.    Each Defendant committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included misleading Plaintiffs as to the value of the investment properties, the ability to flip them or obtain financing, and the terms and condition of purchase, all of which were reinforced and defended by Levine in separate conversations with

Plaintiffs. All defendants received monies from the funds invested by Plaintiffs, all the while making it seem as though the funds were legitimately being used to finance the purchase and development of the Properties.

160.   Even if some of the Defendants did not agree to harm Plaintiffs specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiffs was a reasonably foreseeable consequence of Defendants' actions.

161.   Plaintiffs have been injured and continue to be injured in their business and property by Defendants' conspiracy in violation of 18 U.S.C. $ 1962(d). The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiffs in their business or property. Plaintiffs seek an award of damages in compensation for. among other things, the millions of dollars that Defendants stole from Plaintiffs. Plaintiffs further seeks an award of three times the damages they sustained, and the recovery of reasonable attorney's fees and costs of investigation and litigation, as well as any other relief as authorized.

## THIRD COUNT
### (Equitable Accounting)

162.   Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

163.   The oral and written contracts between Plaintiffs and Defendants involve extensive and complicated accounts and transactions.

164.   Each Operating Agreement for each investment includes the following provision:

> Maintenance of Books. The Company shall keep books and records of accounts, shall keep minutes of the proceedings of its Members, and shall keep such other books and records as provided by the Act and as the

> Company may deem necessary or advisable. Such books and records shall
> be subject to the inspection of any Member.

165.   Plaintiffs have made various requests for information regarding the Defendants' activities with regard to these transactions, all of which have been refused.

166.   To date, Defendants have refused or have been unable to account for any of Plaintiffs' loans and/or investments and have refused to demonstrate how the money was used.

167.   There is no remedy at law that would resolve this issue as fully, adequately or expeditiously as an accounting.

## FOURTH COUNT
### (Fraud)

168.   Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

169.   As set forth in detail above, and incorporated into this Count by reference, Defendants made fraudulent misrepresentations and/or omissions of material fact.

170.   Defendants knew or should have known that their statements were false when made.

171.   Defendants intended to deceive Plaintiffs with the misrepresentations and omissions and induce Plaintiffs to act to their detriment by continuing to invest substantial funds with Defendants and to loan money to Defendants and to forebear on their rights upon disclosure of the substantial fraud committed by Defendants.

172.   Plaintiffs had no knowledge of the falsity of the Defendants' representations and omissions and reasonably relied on the Defendants' misrepresentations to their detriment.

173.   As a result of Defendants' fraud and misrepresentation, Plaintiffs were damaged in

an amount to be determined at trial but in no event less than $4.4 million.

## FIFTH COUNT
## (Breach of Fiduciary Duty Against Levine)

174.    Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

175.    During the course of their 7-year business dealings, Plaintiffs reposed confidence in Levine to guide and inform them with respect to real estate projects and Levine accepted this trust. Levine also owed a fiduciary duty to Plaintiffs as a managing member of the investment LLC, as described above.

176.    As a result, Defendant Levine and Plaintiffs had an implied fiduciary relationship pursuant to which Levine owed Plaintiffs a fiduciary duty.

177.    Pursuant to that fiduciary duty, Levine also had a duty of loyalty, and was required to refrain from self-dealing and from taking unfair advantage. He was also required to disclose all material facts and act in Plaintiffs' best interest.

178.    Instead, Levine exploited Plaintiffs' trust by defrauding them and the other Plaintiffs.

179.    Accordingly, Levine breached his fiduciary duty causing the Plaintiffs to suffer damages.

## SIXTH COUNT
## (Conversion)

180.    Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

181.    Defendants received Plaintiffs' funds based on false statements.

182.   The funds were earmarked to fund the purchase of specific properties. In addition,

183.   Defendants wrongfully exercised dominion and control over the funds.

184.   Despite repeated requests, Defendants have refused to return the funds and have improperly converted them for their own use causing damage to Plaintiffs.

## SEVENTH COUNT
### (Unjust Enrichment)

185.   Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

186.   Plaintiffs transferred at least $4.6 million to Defendants and thus conferred a benefit upon them.

187.   The Defendants voluntarily requested and received all such funds under false pretenses and improperly exercised dominion and control over those funds.

188.   Under the circumstances, it would be inequitable for Defendants to continue to retain Plaintiffs' funds and the properties or assets acquired therewith.

## EIGHTH COUNT
### (Breach of Contract)

189.   Plaintiffs repeat and re-allege the foregoing allegations as if more fully set forth at length herein.

190.   The Operating Agreements are enforceable contracts between Plaintiffs and Defendants.

191.   The Operating Agreements require the Defendants to maintain and manage the Properties, and to protect Plaintiffs' investments.

192.   Each Operating Agreement for each investment includes the following provision:

Liability for Certain Acts. The Manager shall perform his managerial duties in good faith, in a manner he reasonably believes to be in the best interests of the Company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

193. Each Operating Agreement makes Levine liable for any and all damages that are the result of fraud, deceit, gross negligence, willful misconduct, breach of fiduciary duty, or a wrongful taking by Levine.

194. The Defendants have abandoned the Properties, failed to maintain or manage the Properties, allowed the Properties to default on their loans and mortgages, obtained improper and unauthorized financing and loans secured by the Properties but diverted and converted the loan proceeds for themselves, to the exclusion of Plaintiffs' rights and interests.

195. Moreover, the Defendants have ceased conducting its property management duties as to the Properties.

196. Moreover, Defendants have ceased making the required distributions to the Plaintiffs and appear to have converted those funds.

197. These actions constitute material and significant breaches by the Defendants of the Operating Agreements.

198. The material breaches of Contract by the Defendants have caused and shall continue to cause, substantial and irreparable damage to the Plaintiffs and their investments, in an amount to be determined at trial.

## NINTH COUNT
### (Appointment of Receiver )

199. Plaintiffs repeat and reallege the foregoing allegations as if set forth more fully at length herein.

200.    Plaintiffs seek the appointment of a Receiver to perform the abandoned management and maintenance obligations of the Defendants, including, but not limited to:

- Taking appropriate measures to prevent illegal activities at the Properties;

- Paying all taxes related to the Properties;

- Paying all expenses necessary to operate, manage, maintain and repair the Properties;

- Maintaining the Properties in good repair;

- Preventing waste or the impairment or deterioration of the Properties;

- Maintaining the required insurance coverage in relation to the Properties and, if necessary, to make claims under those policies.

- Collecting all rents, revenue, and income for the Properties pending the outcome of this litigation.

201.    Plaintiffs also seek related injunctive relief to enable the Receiver to discharge its duties, including but not limited to, directing Defendants to (a) deliver to the Receiver all rents and income received as to the Properties; (b) make available copies of all books and records necessary for the Receiver to discharge its duties as to each of the Properties; and (c) to refrain from interfering in the Receiver's possession and management of each of the Properties.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Court issue the following relief with respect to the Defendants:

a.   Immediately appoint a Receiver to perform the functions as set forth in detail in this Verified Complaint with respect to the Properties, including retention of a qualified property manager;

b.   Declare that the Operating Agreements have been breached;

c.   Order Defendants to: (i) deliver to the Receiver all rents and income of as to each of the Properties; (ii) make available copies of all books and records necessary for the

Receiver to discharge its duties as to each of the Properties; and (iii) refrain from interfering in the Receiver's possession and management of the Properties;

d. Issue a temporary restraining order, preliminary injunction and permanent injunction against Defendants concerning the appointment of a Receiver to perform the functions as set forth in detail in this Verified Complaint and the accompanying Proposed Form of Order to Show Cause with Temporary Restraints and Preliminary Injunction, and to receive all rents and income with respect to the Properties;

e. An award of compensatory damages, punitive damages and attorney's fees and costs; and

f. Such additional and further relief as the Court may deem just and equitable.

LAW OFFICE OF N. ARI WEISBROT LLC

By: _____

N. Ari Weisbrot, Esq.

1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiffs*

Dated: October 31, 2019

### VERIFICATION

We, Plaintiffs Larry Portal, Frank Maiorano, Gracy Weberman, Jahn Brodwin, Donald J. Noone II, Martin Goldstein, and David Metzman, make this Verification on behalf of the Plaintiffs. We are the named Plaintiffs in this Action. We hereby verify that the facts contained in the foregoing complaint are true and correct to the best of our knowledge, information and belief. We each understand that the statements herein are made subject to the penalties for perjury.

Dated: October 31, 2019

LARRY PORTAL

FRANK MAIORANO

GRACY WEBERMAN

JAHN BRODWIN

DONALD J. NOONE II

MARTIN GOLDSTEIN

DAVID METZMAN