# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jaimee Katz Sussner**
**Member**
**Admitted in NJ, NY**
**Direct Dial: 973-643-6281**
**Email: jsussner@sillscummis.com**

100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

May 15, 2020

**VIA ECF**

Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *OREC NJ, LLC v. Levine, et al.*
              **Civil Action No. 19-cv-17421-MCA-LDW**

             *JLS Equities LLC v. River Funding LLC, et al.*
              **Civil Action No. 19-cv-17615-MCA-LDW**

             *U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
              **Civil Action No. 19-cv-17865-MCA-LDW**

             *Wells Fargo Bank, N.A. v. Levine, et al.*
              **Civil Action No. 19-cv-17866-MCA-LDW**

             *Privcap Funding LLC v. Levine, et al.*
              **Civil Action No. 19-cv-18122-MCA-LDW**

             *Conventus, LLC v. Levine, et al.*
              **Civil Action No. 19-cv-18137-MCA-LDW**

             *Portal, et al. v. Levine, et al.*
              <u>**Civil Action No. 19-cv-19611-MCA-LDW**</u>

Dear Judge Arleo:

        This firm represents Colliers International NJ LLC ("Colliers" or the "Receiver"), the Court-Appointed Receiver in the referenced actions for approximately 72 multifamily properties

Sills Cummis & Gross
A Professional Corporation

Hon. Madeline Cox Arleo, U.S.D.J.
May 15, 2020
Page 2

(the "Properties") that host more than 1,000 residential tenants, and numerous commercial tenants, throughout New Jersey pursuant to various Court Orders entered in the above-captioned actions. On April 30, 2020, in accordance with Magistrate Judge Wettre's direction, and after months of painstaking negotiations with numerous counsel, the Receiver submitted proposed Sale Procedures Orders in the six cases where relief is requested to establish a structured procedure for the potential sale of the properties in the receivership and for the distribution of the resulting proceeds.

On May 13, 2020, N. Ari Weisbrot, Esq., counsel for various investors with defendant Seth Levine, submitted letters to the Court "with a limited objection" to the proposed sale Orders, which require a brief response from the Receiver. First, Mr. Weisbrot's complaint about not receiving notice is without merit in light of the fact he appears to be monitoring all actions that pertain to his clients, like many parties, as evidenced by his consistently prompt response to all filings in these actions. Given the volume of parties affected in different combinations in each of these actions – many of whom have not appeared in some or all of them – filing on the public docket in the affected actions is the only practical and effective way to ensure that all relevant parties receive notice.

Moreover, since the proposed forms of Sale Procedures Orders are designed to address secured claims, and are being introduced on behalf of, and in collaboration with, the plaintiffs in Civil Action No. 19-cv-17421, Civil Action No. 19-cv-17615, Civil Action No. 19-cv-17865, Civil Action No. 19-cv-17866, Civil Action No. 19-cv-18122, and Civil Action No. 19-cv-18137, there is no reason for both versions of the proposed Sale Procedures Orders to also be filed on the dockets in the four remaining actions where no relief is requested. We also believe that such filings would not only add an unnecessary burden for the Court and the parties, but may also create confusion.

Second, it is unclear why Mr. Weisbrot finds it objectionable that any outstanding sums owed to the Receiver will be paid to it upon the sale of each affected asset. The Court's Orders provide for the Receiver to be compensated for its efforts, and for any sums advanced to maintain or repair the assets to be satisfied out of any revenue or proceeds generated during the course of the receivership. In some instances, the Receiver has deferred paying itself and others to ensure that priority maintenance and repair issues are addressed first, not to mention the unanticipated need for increased security and cleaning measures necessitated by the COVID-19 pandemic. None of the parties that negotiated the proposed sale Orders objected to the Receiver being paid what it is owed, particularly considering its Herculean efforts that were required to stabilize these properties under exceptionally challenging circumstances.

Finally, as an officer of the Court, the Receiver does not take any position with respect to Mr. Weisbrot's assertion that the proposed sale Orders "should permit the investors to recover any excess funds in a proportionate ratio to their investments." However, the Receiver rejects Mr. Weisbrot's contention that the Receiver "should not be paid in full until the excess funds are determined." For the reasons already expressed, it is unreasonable to deprive the Receiver of the

Sills Cummis & Gross
A Professional Corporation

Hon. Madeline Cox Arleo, U.S.D.J.
May 15, 2020
Page 3

compensation to which it is entitled, or to withhold funds that it should be reimbursed for goods and services that were necessary to effectuate this appointment.

    Thank you for the Court's courtesies and attention.

                       Respectfully submitted,

                       */s/ Jaimee Katz Sussner*

                       Jaimee Katz Sussner

cc:  Hon. Leda Dunn Wettre, U.S.M.J. (via ECF)
    All counsel of record (via ECF)
    Jacob Kaplan, Esq. (via email)
    Mr. Seth Levine (via first class mail)